UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:21-cv-01356-GW-PD                                    Date: November 22, 2021

Title     *David Washington v. Lori Myers*

Present: The Honorable:     Patricia Donahue, U.S. Magistrate Judge

| Isabel Martinez | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**     **(In Chambers) Order to Show Cause Re: Dismissal**

   On August 11, 2021, Plaintiff David Washington, a state prisoner in custody at the Larry D. Smith Correctional Facility and proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 (the "Complaint") alleging that Defendants Lori Myers, the Riverside County District Attorney's Office, and the County of Riverside ("Defendants") colluded to hold him past his purported release date of July 8, 2021.  [Dkt. No. 1 at 1.]

   On September 21, 2021, Plaintiff filed a Request to Proceed Without Prepayment of Filing Fee (the "IFP Request").  [Dkt. No. 5.]  The Court conducted mandatory screening of the Complaint pursuant to 28 U.S.C. § 1915 and determined that the claim was not actionable under section 1983.  First, Defendant Myers could not be subject to liability as the court-appointed attorney for Plaintiff during his criminal sentencing.  Next, Defendant Riverside County District Attorney's Office and any of its prosecutors were immune for suit for prosecutorial actions during the same proceeding.  Plaintiff also failed to allege facts to show that he was injured as a result of Defendant Riverside County's policies, practices, or customs and therefore, failed to state a claim against the county.  Finally, the Court found that because Plaintiff's claim for damages was necessarily related to a sentence which had not been reversed, expunged, or invalidated, it was barred by *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994).  [Dkt. No. 6.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:21-cv-01356-GW-PD                                   Date: November 22, 2021

Title       _David Washington v. Lori Myers_

On October 5, 2021, the Court denied the IFP Request for the above reasons and because Plaintiff had failed to include a certified trust account statement for the last 6 months.  [*Id.* at 1.]  The Complaint was dismissed with leave to amend within 30 days and Plaintiff was ordered to re-submit an IFP request with the required document if he wished to proceed.

As of the date of this Order, more than 30 days have passed and Plaintiff has failed to file an amended complaint and re-submit an IFP request, or communicate with the Court about his case.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be subject to involuntary dismissal if a plaintiff "fails to prosecute or to comply with these rules or a court order."  Accordingly, the Court could properly recommend dismissal of the action for Plaintiff's failure to timely comply with the Court's October 5, 2021 Order.

However, in the interests of justice, **Plaintiff is ORDERED TO SHOW CAUSE on or before December 13, 2021**, why this Court should not recommend that this action be dismissed for failure to prosecute.

Plaintiff may discharge this Order by filing:

(1) a request setting forth good cause for an extension of time to file an amended complaint and IFP Request, and a declaration signed under penalty of perjury, explaining why he failed to comply with the Court's October 5, 2021 Order; or
(2) an amended complaint and fully completed IFP Request with a certified trust account statement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:21-cv-01356-GW-PD                                             Date: November 22, 2021

Title       _David Washington v. Lori Myers_

    Alternatively, if Plaintiff does not wish to pursue this action, he may file a signed document entitled "Notice of Voluntary Dismissal" pursuant to Rule 41(a)(1)(A).  **The Clerk is directed to provide Plaintiff with a Form CV-09 Notice of Dismissal.**

    Plaintiff is advised that the failure to timely comply with this order may result in the dismissal of this case pursuant to Fed. R. Civ. P. 41(b) and Local Rule 41-1.

**IT IS SO ORDERED**.

Initials of Preparer        :
                                       im