1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| DAVID WASHINGTON,<br><br>                Plaintiff,<br><br>   v.<br><br>LORI MYERS, et al.,<br><br>                Defendants. | Case No. 2:21-cv-01356-GW-PD<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

## I.    Pertinent Procedural History and Plaintiff's Claims

On August 11, 2021, Plaintiff David Washington ("Plaintiff") filed a pro se civil rights complaint (the "Complaint") pursuant to 42 U.S.C. § 1983 alleging that Defendants Lori Myers, the Riverside County District Attorney's Office, and the County of Riverside ("Defendants") colluded to hold him in custody past his purported release date of July 8, 2021.  The Complaint asserts that Defendants' actions constituted cruel and unusual punishment and intentional infliction of emotional distress and seeks compensatory and punitive damages for mental anguish.  [Dkt. No. 1.]  Plaintiff did not pay the filing fee nor concurrently file a Request to Proceed Without Prepayment of Filing Fees with Declaration in Support ("IFP Request").  The return address

on the envelope containing the Complaint was "Larry D. Smith, 1627 Hargrave St., Banning, CA 92220."

On August 17, 2021, the Clerk of the Court mailed the "Notice Re: Discrepancies with Lodging of Prisoner Complaint" (CV-47P) and a blank IFP Request (CV-60P).

On September 21, 2021, Plaintiff filed an IFP Request.  [Dkt. No. 5.] The return address on the envelope containing the IFP Request was "Larry D. Smith Facility, 1627 Hargrave St., Banning, CA 92220."

On October 5, 2021, the Court denied the IFP Request pursuant to 28 U.S.C. § 1915, finding that the Complaint failed to state a claim against any of the defendants and that Plaintiff had failed to include a properly signed "Certificate of Authorized Officer" and a certified trust account statement. Plaintiff was granted 30 days to re-submit the IFP Request and an amended complaint.  The Court's Order informed Plaintiff that the case would be dismissed after 30 days should he fail to file the required documents.  [Dkt. No. 6.]

Plaintiff failed to file an amended complaint or a completed IFP Request.  On November 22, 2021, the Court order Plaintiff to show cause by December 13, 2021 why the case should not be dismissed for failure to prosecute.  [Dkt. No. 7.]  The Court mailed the Order to Show Cause to the "1627 Hargrave St., Banning CA 92220" address written by Plaintiff in his two submissions to the Court.

On December 14, 2021, this Court received the Order to Show Cause in the mail back from the above address marked "return to sender" and "unable to forward."  [Dkt. No. 8.]  The Court previously cautioned Plaintiff that he must keep the Court apprised of his address at all times and that his failure to do so may result in the case being dismissed for failure to prosecute.  [*See* Dkt. No. 3]; *see also* Local Rule 83-2.4; Local Rule 41-6.

According to the Riverside County Sheriff's Department Inmate Information System, Plaintiff is no longer in custody at the Larry D. Smith Correctional Center. *See* https://jimspub.riversidesheriff.org/ (David Washington). Additionally, Plaintiff is not in the custody of the California Department of Corrections and Rehabilitation. *See* https://inmatelocator.cdcr.ca.gov/search.aspx (David Washington).

To date, Plaintiff has not provided the Court with an updated address, and he has not responded to the Order to Show Cause or otherwise communicated with the Court about his case. Accordingly, the case is now subject to dismissal for Plaintiff's failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41-6.

**II.   Discussion**

Rule 41(b) grants district courts the authority to *sua sponte* dismiss actions for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for lack of prosecution is warranted, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

In this case, the first two factors – public interest in expeditious resolution of litigation and the need to manage the Court's docket – weigh in favor of dismissal. Plaintiff has not provided the Court with his updated address nor did he file an amended complaint with a completed IFP Request.

3

Plaintiff's failure to update his address, file the amended complaint and new IFP request, or show good cause for his delay prevents the Court from moving this case toward disposition and shows that Plaintiff does not intend to litigate this action diligently.

Arguably, the third factor – prejudice to Defendants – does not counsel in favor of dismissal because Defendants have not been served and are otherwise unaware that a case has been filed.  However, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay.  *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns. Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978).  Plaintiff's inaction in this matter is an unreasonable delay.  In the absence of any explanation, non-frivolous or otherwise, for Plaintiff's delay, the Court presumes prejudice.  *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (presumption of prejudice can be rebutted by a non-frivolous explanation); *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999)).

The fourth factor – the availability of less drastic sanctions – ordinarily counsels against dismissal.  However, the Court attempted to avoid outright dismissal by giving Plaintiff ample time to communicate with the Court and file the required documents.  Plaintiff was also expressly warned that failure to do so could result in dismissal.  Thus, the Court explored the only meaningful alternatives to dismissal in its arsenal and found that they were not effective.  *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted).

The fifth factor – the general policy favoring resolution on the merits – ordinarily weighs against dismissal.  *Pagtalunan*, 291 F.3d at 643.  It is,

4

however, the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 652 (9th Cir. 1991).  Because Plaintiff has failed to participate in his own lawsuit, it does not appear that retention of this case would increase the likelihood of the matter being resolved on its merits.  This factor does not weigh in favor of or against dismissal.

In sum, four out of the five factors support dismissal.  The Court concludes that dismissal for failure to prosecute is warranted.

**IT IS SO ORDERED.**

Dated:  January 11, 2022

_____
HON. GEORGE H. WU
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE